# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRENDA MASS,

                        Plaintiff,

v.                                                      Case No. 17-CV-945-JPS

NANCY A. BERRYHILL,
 Acting Commissioner of Social Security,          **ORDER**

                       Defendant.

       Brenda Mass filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1 and #2). The Court may grant Plaintiff's motion to proceed *in forma pauperis* if it determines that: (1) Plaintiff is truly indigent and unable to pay the costs of commencing this action; and (2) Plaintiff's action is neither frivolous nor malicious. 28 U.S.C. §§ 1915(a), (e)(2). As to the first requirement, the privilege to proceed without payment of costs and fees "is reserved to the many truly impoverished litigants who. . .would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff does not satisfy that definition in this case.

       In her motion for leave to proceed *in forma pauperis*, Plaintiff made statements about her income and expenses under oath. (Docket #2). Plaintiff indicates that she is unemployed and that she has two minor children who are dependent on her. *Id.* at 2. Plaintiff's spouse earns nearly $3,300 per month, has a 401(k) of approximately $20,000, and the family owns two vehicles whose values are unstated. *Id.* at 3-4. Plaintiff avers that

her family's expenses are about $3,200 per month, though she only itemizes about $2,000 of that figure. *Id.* at 4. The Court is left to guess what expenses form the remaining $1,200 per month. Plaintiff explains that the family has difficulty paying bills because they are currently in bankruptcy. *Id.* at 5.

Even as stated in her motion, Plaintiff's monthly income slightly exceeds her expenses, militating away from a finding of indigence. Further, she fails to account for a substantial portion of her expenses. Again, *in forma pauperis* status is a privilege and Plaintiff cannot earn it without a complete and truthful disclosure of her finances. Finally, her overall family resources are substantial, even if paying certain bills may be burdensome. In sum, the Court cannot fairly conclude that Plaintiff is indigent for the purpose of Sections 1915(a) and (e)(2). While the Court acknowledges that it may be difficult for Plaintiff to pay the filing fee, it is not clear that Plaintiff would be unable "to provide [her]self. . .with the necessities of life" if required to pay, and so the Court cannot find her indigent. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Because the Court finds that Plaintiff is able to pay the filing fee, and so is not indigent, the Court will deny her motion for leave to proceed *in forma pauperis* and require her to pay that fee within 14 days. If she fails to pay that fee, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; Plaintiff shall pay the full $400.00 filing fee in this action within fourteen (14) days

of the entry of this order; failure to do so will result in the dismissal of this action without prejudice and without further notice.

Dated at Milwaukee, Wisconsin this 13th day of July, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge